UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 07-22135-CIV-MORENO

MIREILLE TRIBIE,

    Plaintiff,

vs.

UNITED DEVELOPMENT GROUP
INTERNATIONAL LLC,

    Defendant.
_____/

## ORDER DENYING MOTION TO QUASH SERVICE/MOTION TO DISMISS WRIT OF GARNISHMENT

THIS CAUSE came before the Court upon Garnishee Wells Fargo Bank N.A.'s Motion to Quash Service/Motion to Dismiss Writ of Garnishment **(D.E. No. 32)**, filed on **June 11, 2008**.

THE COURT has considered the motion, response and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED for the reasons set forth below. It is further

**ADJUDGED** that Wells Fargo shall serve an Answer to Tribie's counsel, consistent with this Order and the requirements of FLA. STAT. ch. 77.04, by **December 12, 2008** or risk contempt.

### BACKGROUND

On August 17, 2007, Plaintiff Mireille Tribie ("Tribie"), a resident of Miami, Florida, filed a Complaint against Defendant United Development Group International ("United"), a Florida limited liability company with its principal place of business in Las Vegas, Nevada. The Complaint alleged violations of the Truth in Lending Act, 15 U.S.C. § 1640(e), as well as several state common

law and statutory violations. According to the Complaint, United, consistent with past company practice and policy, duped Tribie into conveying her house to United at below-market value, purportedly so that she could avoid foreclosure and keep her home. In return, United allegedly promised Tribie it would pay the outstanding principal on her underlying mortgage so as to avoid foreclosure, that she could remain in the house for one year paying rent to United, and that after one year she could purchase her home back at a below-market price. However, according to the Complaint, United never paid the outstanding principal on Tribie's mortgage, and the house was foreclosed on January 16, 2007. Tribie sought "double any calculateable finance charges, statutory and/or actual damages, appropriate equitable relief, plus costs and reasonable attorney's fees," and sought to certify a class of similarly-duped plaintiffs pursuant to FED. R. CIV. P. 23.

United never answered or otherwise responded to the Complaint, nor did it take part in these proceedings in any manner. As a result, on October 10, 2007, the Clerk of Court entered Default **(D.E. 8)** on behalf of Tribie, pursuant to FED. R. CIV. P. 55(a). Tribie had asked for a jury trial in the Complaint, and upon entry of Default, filed a Memorandum **(D.E. 14)** requesting a jury trial as to damages. This Court agreed to submit the issue of damages to a jury, and on November 28, 2007, a jury awarded **(D.E. 23)** Tribie aggregate damages in the amount of $20,502,000, including $500,000 in compensatory damages, $20,000,000 in statutory damages and $2,000 in statutory damages pursuant to 15 U.S.C. § 1640.

Subsequently, on May 8, 2008, Tribie moved this Court **(D.E. 28)** for a writ of garnishment directed to Wells Fargo, whom Tribie believed had "possession or control" of United-owned "tangible or intangible assets". This Court granted that motion and issued an Order for Garnishment **(D.E. 30)** on May 15, 2008. Tribie served the Writ of Garnishment on Wells Fargo Bank on May

30, 2008.  See Motion to Quash Service at 1 **(D.E. 32)**.

On June 11, 2008, Wells Fargo submitted its Motion to Quash Service, asserting that United maintains no open accounts with Wells Fargo in Florida, or in any other Wells Fargo location. Furthermore, Wells Fargo asserts that it has no retail banking operations in Florida, and only has a registered agent for service of process in the state because of its mortgage lending activities in Florida.  As a result, Wells Fargo argues that service of the writ should be quashed, or in the alternative, the writ itself should be dismissed.  Wells Fargo also requests reasonable attorney's fees and costs incurred by defending the garnishment.

Tribie filed a Response **(D.E. 33)** to that motion on June 17, 2008, and Wells Fargo filed a Reply **(D.E. 34)** on June 26.  The parties have thus fully briefed this Court on the Wells Fargo Motion to Quash Service, and it is ripe for judgment.

## **ANALYSIS**

Under Florida law, Wells Fargo has a duty to answer the writ of garnishment.  Wells Fargo has failed to cite any binding legal rule indicating that service of the writ should be quashed or that it should be dismissed.  Thus, Wells Fargo must serve an answer to the writ.

Garnishment involves a form of discovery of the assets of the defendant in the hands of the garnishee; the garnishee has a duty to answer and disclose facts related to the defendant's assets. FLA. STAT. ch. 77.06; *see also Jax Ice & Cold Storage Co. v. South Florida Farms Co.*, 109 So. 212 (Fla. 1926).  Garnishments in a Florida federal court are subject to the practices and procedures of the applicable Florida statutes.  *Burshan v. National Union Fire Ins. Co. of Pittsburgh, PA*, 805 So.2d 835, 840 (Fla. 4th DCA 2001), review denied 835 So.2d 265.

A garnishor merely steps into the shoes of a defendant debtor and may assert against a

garnishee only those rights the defendant debtor could assert against the garnishee. *Coyle v. Pan American Bank of Miami*, 377 So.2d 213 (Fla. 3rd DCA 1979). A bank which does not properly garnish or "hold" all of a depositor's accounts following service of the writ is negligent, and liable to the garnishor for damages sustained as a result. *Sun Bank/North Florida Nat. Ass'n v. Bisbee-Baldwin Ins. Co.*, 559 So.2d 315 (Fla. 1st DCA 1990).

Thus, a garnishee becomes liable for all the debts due by him or her to the defendant and for any tangible or intangible personal property of the defendant in the garnishee's possession or control at the time of service of the writ. FLA. STAT. ch. 77.06. A garnishee must answer a writ for garnishment within twenty days after service. FLA. STAT. ch. 77.04. The answer "must indicate whether the garnishee has property of the defendant under his or her control, or knows of any other person indebted to the defendant." *Navon, Kopelman & O'Donnell, P.A. v. Synnex Information Technologies Inc.*, 720 So.2d 1167, 1168 (Fla. 4th DCA 1998); *see also* FLA. STAT. ch. 77.04.

A garnishee can raise in defending a garnishment suit any defenses they might have against the principal debtor. *Tomlin v. Anderson*, 413 So. 2d 79 (Fla. 5th DCA 1982). Nevertheless, "[t]he statutory right to move to dissolve the writ is granted only to the defendant and any other person having an ownership interest in the property, *as disclosed by the garnishee's answer*." *Navon*, 720 S.2d at 1168; *see also* FLA. STAT. ch. 77.07(2).

On May 19, 2008, the Court issued a Writ of Garnishment **(D.E. 31)** to summon Wells Fargo to serve an answer to the writ to Tribie's counsel. Tribie served the writ on Wells Fargo on May 30, 2008. See Wells Fargo Motion to Quash Service at 1. Under Florida's garnishment statute, Wells Fargo therefore should have served an answer to the writ by June 19, 2008, i.e., within 20 days of service. FLA. STAT. ch. 77.04. In lieu of an answer, however, Wells Fargo moved the Court to quash

service or dismiss the writ.

      In support of its Motion, Wells Fargo states that it "conducts no retail banking in the State of Florida" and that United maintains no open accounts with Wells Fargo in Florida, or in any other location. Wells Fargo Motion to Quash Service at 2. However, Wells Fargo also concedes that it maintains an agent for service of process in Florida because it "is associated with certain mortgage lending activities within the State of Florida." *Id*. Wells Fargo alleges, nonetheless, that because Tribie failed to serve process on the Wells Fargo main office, or in a branch holding United's funds, that service was improper. *Id*. at 4. In support of this legal position, Wells Fargo points to the so-called "Separate Entity" Rule.

      The Separate Entity Rule, a somewhat dated and seldom-cited legal doctrine, holds that each branch of a bank is a separate legal entity in the context of a garnishment action, and is in no way connected with accounts maintained by depositors at other branches, or at the home office. *Cronan v. Shilling*, 100 N.Y.S.2d 474, 475 (N.Y. Sup. Ct. 1950). Although Wells Fargo concedes in both its Motion and in its Reply that Florida has never adopted the Separate Entity Rule, it makes various policy arguments in favor of its adoption in Florida.

      Although the Separate Entity Rule *is not* the law in Florida, it *is* the law in Florida that a garnishee must serve an answer within 20 days of valid service of a writ of garnishment. It is also undisputed that Wells Fargo maintains an agent for service of process in Florida, and that the writ was served on May 30, 2008. Thus, Wells Fargo has a duty to serve an answer to the writ. That answer "must indicate whether the garnishee has property of the defendant under his or her control, or knows of any other person indebted to the defendant." *Navon*, 720 So.2d at 1168.

      Wells Fargo has already indicated that it has no property of United under its control. The

answer must also include, however, whether Wells Fargo knows of other persons indebted to United. Evidently aware of this requirement, Wells Fargo noted in its Reply the motivation informing its objection to the writ: that Wells Fargo "is obligated by Federal law to maintain the confidentiality of its banking records absent valid legal process requiring disclosure." Wells Fargo Reply at 2. Yet, valid legal process *has been served* on Wells Fargo requiring that it file an answer to the writ.

True enough, ultimately, Wells Fargo may provide Tribie little help in its effort to collect on her judgment. On the other hand, it may indeed be aware of some person or entity indebted to United. In either case, Florida law requires Wells Fargo to submit an answer to Tribie, responsive to the writ.

## **CONCLUSION**

Florida's garnishment statutes require Wells Fargo to provide an answer to the garnishment writ. Wells Fargo has failed to serve its answer. Wells Fargo has failed to cite any binding legal rule in support of its Motion. Therefore, the Motion to Quash Service/Dismiss Writ of Garnishment is hereby DENIED. Wells Fargo must serve an answer to Tribie's counsel by **December 12, 2008**, or risk contempt.

DONE AND ORDERED in Chambers at Miami, Florida, this 2nd day of December, 2008.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record